```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

SALLY A. ATTIA, et al.,

            Plaintiffs,

    -against-                              05 Civ. 7133 (KMW)

DOLLAR FINANCIAL CORP., et al.,

            Defendants.

------------------------------------------X
```

WOOD, U.S.D.J.:

**I.   Overview**

By motion dated October 7, 2005, Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons stated below, Defendants' motion is GRANTED.

**II.  Background**

Plaintiffs are attorneys, licensed to practice law in the state of New York, who prepare bankruptcy petitions and represent bankruptcy petitioners.[1]  Defendant Dollar Financial Corporation, through its subsidiary We the People, Inc., also prepares bankruptcy petitions.

---

[1] For purposes of considering Defendants' motions to dismiss, the Court must accept as true the allegations in the Complaint. See Blue Tree Hotels Invs., Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).

1

Plaintiffs, on behalf of themselves and other similarly situated individuals (the "Class"), allege that Defendants attempted to unlawfully monopolize the market for bankruptcy preparation services by agreeing "to deceive the public into believing that they provided comparable, if not superior, [services] for a fraction of the cost."  Compl. ¶ 103.  Plaintiffs bring claims against Defendants for violation of federal and state antitrust laws and unjust enrichment.

**III. Discussion**

    A.   <u>Federal Antitrust Claims</u>

To state a federal antitrust claim, a plaintiff must allege "antitrust injury."  See <u>Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.</u>, 429 U.S. 477, 489 (1977).  Harm to a plaintiff's own business is insufficient; a plaintiff must allege "harm to competition as a whole in the relevant market."  <u>Yellow Page Solutions, Inc. v. Bell Atlantic Yellow Pages Co.</u>, No. 00 Civ. 5663, 2001 U.S. Dist. LEXIS 18831, at *34 (S.D.N.Y. Nov. 19, 2001).

Here, the only specific injuries alleged in the Complaint are injuries to Plaintiffs and members of the Class.  See Compl. ¶¶ 129, 137, 141 (alleging that Plaintiffs and the Class were "impaired in their ability to attract business," "sustained losses and damage to their business," and were "deprived of a

marketplace free of unlawful and deceptive marketing schemes"). Although the Complaint also alleges that "Defendants' illegal actions have resulted in immeasurable harm to legitimate competition," Compl. ¶ 110, this conclusory allegation cannot survive a motion to dismiss. See Yellow Page, 2001 U.S. Dist. LEXIS 18831, at *36-37 ("[P]laintiffs made no allegation that consumers in general were charged higher prices. . . . Neither Plaintiffs' conclusory allegation that competition has been destroyed in this market, nor their vague allegation of harm to competition in the market for Yellow Pages publishing can cure this defect.") (internal citations omitted).  The Court thus dismisses Plaintiffs' federal antitrust claims.

    B.    State Law Claims

"The exercise of supplemental jurisdiction by a federal court over a state law claim is governed by 28 U.S.C. § 1367, which provides, in relevant part, that 'the district court may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction.'" Warren v. Fischl, 33 F. Supp. 2d 171, 178 (E.D.N.Y. 1999) (quoting 28 U.S.C. § 1367(c)(3)).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Travelers Ins. Co. v. Keeling, 996

F.2d 1485, 1490 (2d Cir. 1993) (quoting <u>Carnegie-Mellon Univ. V. Cohill</u>, 484 U.S. 343, 350 n.7 (1988)).

The parties have not offered any specific reasons as to why this Court should exercise supplemental jurisdiction over Plaintiffs' state law claims. The Court thus dismisses Plaintiffs' state law claims without prejudice to re-filing them in state court.

## IV.  Conclusion

In accordance with the above, the Court GRANTS Defendants' motion to dismiss (D.E. 12). The Clerk of the Court is directed to close this case. Any pending motions are moot.

SO ORDERED.

DATED:   New York, New York
         June 14, 2007

                                   _____
                                          KIMBA M. WOOD
                                   United States District Judge

4